LEO *v.* UNION PACIFIC RY. Co. and another.

*(Circuit Court, S. D. New York.   July 5, 1883.)*

1. REMOVAL OF CAUSE—REV. ST. § 639—ACT OF MARCH 3, 1875, § 6.

The act of March 3, 1875, § 6, refers to the stage of the proceedings in the suit at which the proceedings in the circuit court are to commence, rather than to the form, force, or effect of the pleadings in the cause previously had, leaving the provisions of Rev. St. § 639, in force as to them; and if the pleadings are in form, and verified, so as to be regular and valid in the state courts, the intention and effect of the statute and rules would seem to be that they are to be taken to be so on reaching the federal courts in cases of removal.

2. SUIT BY STOCKHOLDER—EQUITY RULE 94.

Equity rule 94 applies only to bills brought by a stockholder against a corporation and others, " founded on rights which may properly be asserted by the corporation," and does not apply to a suit brought by a stockholder, not " founded on such rights," against a corporation to restrain corporate action, and against the president for discovery merely.

3. MOTION FOR INJUNCTION—AFFIDAVITS.

On motion for a preliminary injunction, the case, with its grounds for relief, must be made by the bill itself, and the scope of the bill cannot be enlarged by affidavits filed.

4. CORPORATION—POWER TO PLEDGE SECURITIES FOR DEBT.

The power of a corporation to pledge securities owned by it for the payment of its debts is included in the power to sell such securities for that purpose.

5. INJUNCTION DENIED.

In this case the averments of the bill are too indefinite to entitle complainant to a preliminary injunction as moved, and the motion is accordingly denied.

In Equity.

*George Zabriskie,* for orator.

*John F. Dillon* and *Artemus H. Holmes,* for defendant.

WHEELER, J.   This suit is brought by the orator as a stockholder in the defendant corporation, of which the other defendant is president, to restrain the corporation from raising money on its bonds secured by a pledge in trust of the securities of other roads held by it, to aid in the construction and operation of connecting roads not a part of its own lines.   There is a motion for a preliminary injunction, which has now been heard.   The defendants make question in advance of the merits of the case as to whether it is brought within the requirements of the ninety-fourth rule in equity.   The suit was commenced in the state court and removed into, and copies of record have been entered in, this court.   Section 639, Rev. St., provides, with reference to suits removed like this, that—

" When the said copies are entered as aforesaid in the circuit court, the cause shall proceed in the same manner as if it had been brought there by original process; and the copies of pleadings shall have the same force and effect, in every respect and for every purpose, as the original pleadings would have had by the laws and practice of the courts of such state if the cause had remained in the state court."

Section 6 of the act of 1875 (1 Supp. Rev. St. 172) provides—

"That the circuit court of the United States shall, in all suits removed under the provisions of this act, proceed therein as if said suit had been originally commenced in said circuit court, and the same proceedings had been taken in such suit in said circuit court as shall have been had therein in said state court prior to its removal."

This cause was removable under the act of 1875 as well as under the Revised Statutes, and may be said to be a suit removed under that act, so that the provisions of section 6 of that act would apply to it; and, so far as they would apply, they would supersede the provisions of the Revised Statutes, of course. This provision of the act of 1875 seems to refer to the stage of the proceedings in the suit at which the proceedings in the circuit court are to commence, rather than to the form, force, or effect of the pleadings in the cause previously had, and to leave the provisions of the Revised Statutes in force as to them. The rule could not be intended to apply to the state courts. And if the pleadings were in form, and verified, so as to be regular and valid in the state courts, the intention and effect of the statutes and rules would seem to be that they were to be taken to be so on reaching the federal courts. Further, rule 94 in terms applies only to bills brought by a stockholder against the corporation and others, "founded on rights which may properly be asserted by the corporation." This does not appear to be such a bill. It is brought by a stockholder against the corporation and another, but not founded on such rights. The suit is against the corporation to restrain corporate action, and the president seems to be joined for the purposes of discovery merely, and not as a party against whom specific relief is sought, instead of against the president, to restrain official action, and for relief against him personally; the corporation being joined merely because it had refused to proceed in its own right. Green's Brice's Ultra Vires, 647; *Hawes* v. *Oakland*, 104 U. S. 450. The motion, therefore, is to be disposed of upon its merits.

An answer was filed, the bill has been amended, and affidavits have been filed on each side. Whether affidavits are admissible or not to support the bill on such motion, they cannot enlarge the scope of the bill. The case, with its grounds for relief, must be made by the bill itself. In this case the bill sets forth distinctly and clearly that the corporation is about to raise money in the manner mentioned, and sets forth that the money of the corporation has been used for the purpose of constructing and operating other roads; and that the orator has reason to believe, and does believe, that it will continue to lend and furnish its moneys and credit to such railroad corporations for the purpose of aiding in and promoting the construction, maintenance, and operation of the railroads of such companies; but does not set forth any railroad or corporation that it is about to so aid, nor any place where it is about to so invest its moneys. The answer admits that the corporation is about to raise funds by the

pledge of such securities of other roads, but denies that it is about to use them for such purposes, and alleges that it intends to use them to pay its floating debt. It is said in argument that if the defendants should answer fully the interrogatories in the bill, the intention to aid other roads would appear with much more definiteness. This may be true, but cannot amplify the bill for the present motion. The information thus to be obtained cannot be made available until it is had. These allegations as to intention and purpose of diverting the funds of the corporation seem to be too meager and indefinite to lay the foundation of a preliminary injunction upon, and, such as they are, they are fully met by the denials of the answer.

The purpose to raise money to meet debts, or for other corporate uses, by pledge of these sureties, seems to be clearly within the scope of the corporate powers, and lawful and proper. The corporation has these securities not yet due. Whether it came by them by stretch of its powers or otherwise, no question is made but that it owns them. The bill proceeds upon the ground that it does. It owes debts, and was created with the expectation that it would owe them, and has implied power to raise money to pay them. It is not disputed that it could sell these securities to raise money to pay its debts, and the power to pledge them is included fairly in the power to sell for the same purpose. *Platt* v. *Union Pac. R. Co.* 99 U. S. 48. The orator does not appear to be entitled to have the corporation restrained from raising the money by the pledge of the securities, for that seems to be entirely lawful; nor to have it restrained from using the money for outside purposes, for there is no sufficient allegation or admission of any intention of doing so if not restrained. On the contrary, the intention imputed is denied, and the whole equity of the bill, if any, is denied. As the case now stands the orator does not appear to be entitled to the preliminary injunction moved for.

Motion denied.