## COMMISSIONERS OF HIGHWAYS
### v.
### JOSEPH F. DEBOE.

| 43 | 25 |
|----|----|
| 100 | ³277 |

*Highways—Enjoining of Commissioners of, from Paying Damages— Practice—Pleading—Parties.*

1. An answer is deemed impertinent if it goes beyond the allegations of the bill to state some matter not material to the case and not constituting a defense.

2. Allegations which are unbecoming the dignity of the court to hear, or are contrary to good manners, or charge some person with an offense, are deemed scandalous, unless such matters are proper to the defense of a given bill. To be deemed scandalous the matter must, at the same time, be

impertinent; for no matter how scandalous it may be in matter of fact, it is not scandalous within the meaning of the word as used in equity pleading, if it is pertinent to the case.

3. The writ of injunction can only afford preventative relief. It can not be employed to correct a wrong or injury already done, nor to restore parties to rights of which they have been already deprived.

4. It is a good defense to a bill for an injunction, to show that the act sought to be prevented had already been done before the bill was filed. It is idle to speak of restraining the borrowing of money already borrowed, or the issuing of orders already issued.

5. A complainant, in chancery, must recover upon the case made by the bill. If upon a hearing, a good case appears in the evidence, if it does not correspond with the allegations of the bill relief can not be given.

6. If an answer presents a complete defense to the case as made by the bill, but in doing so discloses a good case for the complainant upon another ground than that which is set up in the bill, the complainant may avail himself of the new case by applying for and obtaining leave to amend his bill, and then setting out the facts that will warrant a decree in his favor.

7. Highway commissioners are empowered by Sec. 17, Chap. 121, R. S., in force July 1, 1883, to draw orders on their treasurer in favor of the owners of land taken for highway purposes, the same to be payable only out of a tax to be subsequently levied and collected for their payment.

8. Such orders should only be delivered to the land owners. Where they are disposed of to third persons, such irregularity can not, after its occurrence, be corrected by a writ of injunction.

9. As a general rule any tax payer of a given town has sufficient interest in the actions of highway commissioners to constitute him a proper party to institute an action to restrain them from the performance of an unlawful official act, if such illegal act will specially injure or damage him; if the threatened act will operate to increase the burden of his taxation, or the aggregate indebtedness of the town, such would be regarded as an individual injury and damage to him.

10. This rule is limited to cases where the action is instituted by the tax payer in good faith and for the protection of his own interest. Relief will not be granted if it appears that he is merely a colorable plaintiff suing really in behalf of other parties in interest.

11. If public officers are about to violate an official duty which is public in its nature, and the violation of which affects the public in general alike, a citizen who is not threatened with some special injury or damage can not volunteer to become a complainant and prevent the violation by injunction. The remedy in such case is upon application to the proper public officer, who will proceed in behalf of the public.

12. A bill filed at the instigation of others by an individual who has no private interest involved, other than, or different from the body of the tax payers of a given town, should not be entertained.

13. If two inconsistent acts be passed at different times, the last is to be obeyed and the first must give way.

[Opinion filed January 30, 1892.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Judge, presiding.

This was a bill in chancery filed on the 11th day of February, 1891, in the Circuit Court of Sangamon County, by the appellee, in which it is alleged that the appellants, as commissioners of highways, threaten to open a public highway on the section line between sections 29 and 32, and threaten to pay to Robert H. Easly and James Drennan damages awarded them for land taken for said highway; that the commissioners have no funds in their treasury levied for the purpose of paying such damages, and have made no levy to procure funds for such purpose, but that they are about to borrow money to pay such damages, or are about to draw orders on funds in their treasury, levied for road and bridge purposes, and misappropriate it to the payment of the damages to Easly and Drennan; that Drennan and Easly have no orders for such payments, but that unless restrained the commissioners will borrow money to pay Easly and Drennan, or misappropriate funds already in their hands to that purpose. The prayer of the bill is that the appellants, as such commissioners, may be enjoined from the commission of such alleged illegal acts.

The appellants exhibited an answer to the bill, in which they admit that they are intending to open the road, and allege that it was duly and legally laid out and established as a highway by three supervisors on an appeal from them as commissioners. They allege that damages were awarded to Easly and Drennan, and aver a readiness and willingness to pay the same, but deny that they are about, or ever intended, to borrow money for that purpose, or that they intend, or have threatened to issue or draw orders on their treasurer against taxes levied or collected for other purposes, for the payment of such damages, and deny that they have ever illegally used or paid out, or intend to use or pay out, or misappropriate any fund in their treasury.

The answer also contained further averments which were

excepted to as being impertinent and scandalous, which are substantially as follows:   That after the road was laid out by the order of the supervisors and before the filing of the bill, the appellants drew orders to Drennan and Easly or bearer for the amount of their damages respectively, to be paid out of taxes to be thereafter levied and collected in due course of law, and tendered such orders to Drennan and Easly, who refused to receive them, whereupon a citizen of the township offered to take, and did take, such orders at par and advanced the full amount of them to pay to Drennan and Easly; that such money was advanced without discount, interest, or cost to the town, and that the same money was tendered to Easly and Drennan and that each refused to receive it, and that the money is still held by their treasurer for Drennan and Easly whenever they will accept it, and that they are ready and willing and now offer to pay same to said Easly and Drennan respectively, in payment of their said damages, as may be directed by this court.

They further aver on information and belief that said complainant, Joseph Deboe, is a nominal complainant in this cause, knowing little and caring less about matters set up in said bill of complaint, and used as mere tool of said Drennan and Easly in obstructing, hindering and delaying the opening of said road, and that this suit is not brought by complainant in good faith, but only at solicitation of said Easly and Drennan, to bother and obstruct said highway commissioners in the proper and legal performance of their duties in opening said road, in conformity with said order of said supervisors.

Attached as Exhibits A and B to the answer, were copies of the orders issued intended for Easly and Drennan. These orders were drawn on the 6th day of December, 1890, by the commissioners on their treasurer and direct him to pay the amounts respectively due to Drennan and Easly out of moneys in his hands not otherwise appropriated, and each order contains the following statement: " This order is payable only out of the tax to be levied in due course of law for payment of damages for laying out roads, when the money shall be collected."

The exceptions filed against the answer were sustained by the court, and appellants failing and refusing to amend the answer, the bill was taken as confessed, and a decree rendered *pro confesso* for the appellee, perpetually enjoining and restraining the appellants from borrowing any money to pay damages agreed upon or allowed for lands taken in laying out a road on the line between sections 29 and 32 in Ball township, and from drawing orders on the treasurer, or paying any money for said damages except out of moneys levied for that purpose, and from using any money, levied for the purpose of roads and bridges and the payment of outstanding orders drawn on their treasurer, for the purpose of paying such damages.

The commissioners by appeal bring the record to this court for review.

Messrs. STEVENS & LANPHIER, for appellants.

Messrs. CONKLING & GROUT, for appellee.

BOGGS, J.  An answer is deemed impertinent if it goes beyond the allegations of the bill to state some matter not material to the case, and not constituting a defense.

Allegations which are unbecoming the dignity of the court to hear, or are contrary to good manners, or charge some person with an offense, are deemed scandalous unless such matters are proper to the defense of the bill.  To be deemed scandalous the matter must at the same time be impertinent, for no matter how scandalous it may be in matter of fact, it is not scandalous within the meaning of the word as used in equity pleading if it is pertinent to the case.

The appellants, it will readily be conceded, might properly set out in their answer any matter from which it would appear that the appellee was not entitled to the relief prayed for by the bill, and such matter would be pertinent.

The bill charges that the appellants, as commissioners of highways, are about to borrow money for the purpose of paying damages awarded to Easly and Drennan, or are

about to draw warrants or orders on their treasurer for such damages, to be paid out of funds in the hands of the treasurer levied and collected for other purposes, and the prayer is that they be restrained by injunction from the commission of such illegal acts. The answer denies that the appellants are contemplating or intending to so illegally borrow money or misappropriate any fund, and proceeds to state in detail to the court all their acts and doings in and about the matter of procuring money wherewith to pay the damages to Drennan and Easly, which is the gravamen of the charge against them. This we conceive they were called upon to do by the rules of equity pleading.

It is, however, said by counsel for the appellee that the acts of the appellant in drawing orders payable to Drennan and Easly, when there was no money in their treasury to pay such orders and no tax levied for their payment, and the act of the appellants in delivering the orders to persons other than Drennan and Easly, as disclosed by the answer, were illegal, and therefore presented no defense to the bill, and that all the averments of the answer concerning such acts were for that reason impertinent. To what extent these acts of the appellants, as highway commissioners, were illegal, we shall presently see, but, whether legal or illegal, we think they presented a ground of defense to the bill.

The writ of injunction can only afford preventative relief. It can not be employed to correct a wrong or injury already done, nor to restore parties to rights of which they have been already deprived. Menard v. Hood, 68 Ill. 121; Am. & Eng. Encyc. of Law, 796–8.

It is a good defense to a bill for an injunction, to show that the act sought to be prevented had already been done before the bill was filed, and it is manifest that if the averments of this answer are true, that the court was powerless to grant the relief prayed for. It is idle to talk about restraining the borrowing of money already borrowed, or the issuing of orders already issued.

Yet such was the state of case disclosed by the averments of the answer. It is suggested that the answer developed the

fact that the appellants, as commissioners, had in their hands the money received for the orders, and that if the disposition made of them was in fact but a borrowing of the money, that the court might enjoin them from paying it out. The bill does not contain any charges of this kind. A complainant in chancery must recover upon the case made by the bill. Even if upon a hearing a good case appears in the evidence, yet if it does not correspond with the allegations of the bill, relief can not be given. McKay v. Bissett, 5 Gilm. 499; Morton v. Smith, 86 Ill. 117; Pinneo v. Goodspeed, 104 Ill. 184.

In this case the answer was excluded by the court, and the decree rendered upon the theory, that for want of an answer, the allegations of the bill were confessed. The decree, therefore, must rest solely upon the allegations of the bill and can not be aided by any averment of the excluded answer.

If an answer presents a complete defense to the case as made by the bill, but in doing so, discloses a good case for the complainant upon another ground than that which is set up in the bill, the complainant may avail himself of this new case by applying for and obtaining leave to amend his bill, and then setting out the facts that will warrant a decree in his favor. White v. Morrison et ux., 11 Ill. 361.

We think the appellants, as highway commissioners, were empowered by Sec. 17 of Chap. 121 of the Revised Statutes, in force July 1, 1883, to draw orders as they did on their treasurer, for the amounts due Drennan and Easly, payable as those orders are only out of a tax to be subsequently levied and collected for their payment.

Secs. 13 and 15 of the same chapter authorizes a tax levy to be afterward made for the purpose of paying such orders.

It is true that Sec. 1 of chapter 146 of the statutes in force July, 1879, prohibits the drawing or issuing of such orders, unless there be sufficient money at the time in the appropriate fund of the treasury for their payment, but it is the prior enactment.

The rule is, that if two inconsistent acts be passed at different times, the last is to be obeyed, and the first must give way. Devine v. Commissioners, 84 Ill. 590.

While the two enactments differ in the respect named, still it is to be observed that the difference affects only the issuance of the orders. As to their payment there is no difference between the warrants authorized to be issued by Sec. 17 of Chap. 121, and the warrants commonly called anticipation warrants, authorized to be issued under Sec. 2 of Chap. 146. It is only out of taxes to be collected in the future that either can be paid. The orders drawn by the appellants could, however, only be delivered to Easly and Drennan. Power to otherwise dispose of them is not given by any section of the statute, nor is such power to be implied from any power that is given. Upon the contrary, Sec. 17, which, as we have seen, authorizes the orders to be drawn, expressly provides that they shall " be given to the persons damaged." The action of the appellants in disposing of these orders to other persons, though for their face value, was irregular and not warranted by law. But this irregularity can not, after its occurrence, be corrected by a writ of injunction, though it may rest in the power of the chancellor, under a bill appropriately framed for that purpose, and which brings the necessary parties before the court, to cause the appellants to repossess themselves of the orders and deliver them to parties entitled by the statute to receive them; though for reasons hereafter given it must not be understood that we hold that such relief can be given, upon a bill filled by this appellee.

The pertinency of the averments of the answer, to the effect that the appellee has no individual interest in the case and is complainant only in name, remains to be determined. The answer charges that the appellee is complainant in name only, that he brought the suit at the instance and in the interest of Easly and Drennan, and to aid them in hindering and delaying the opening of the road on the said section line; that the suit is really the suit of Drennan and Easly, the appellee being a mere instrument in their hands. The answer further charges that the appellee has no real estate in the township, and that his personal tax does not exceed the sum of $8, and that he does not really care about the manner in which the money is raised to pay Drennan and Easly, but appears as complainant only at

their solicitation and request. We think this pertinent to the case, and if pertinent, it is not scandalous.

It may be conceded that any tax payer of the town of Ball has sufficient interest in the actions of the highway com- missioners to constitute him a proper party to institute an action to restrain the commissioners from the performance of an unlawful official act, if such illegal act will specially injure or damage him. If the threatened act will operate to increase the burden of his taxation, or the aggregate indebtedness of the town, such would be regarded as an individual injury and damage to him.

Such is in effect the general rule, but this general rule is limited to cases where the action is instituted by the tax payer in good faith and for the protection of his own interest. Relief will not be granted if it appears that he is merely a colorable plaintiff, suing really in behalf of other parties in interest. 2 High on Injunctions, Sec. 1302; Putney v. Lynn Paving Co., 13 W. R. 983.

If public officers are about to violate an official duty which is public in its nature, and the violation of which affects the public in general alike, a citizen who is not threatened with some special injury or damage can not volunteer to become a complainant and prevent the violation by injunction. The remedy in such case is upon application to the proper public officer, who will proceed in behalf of the public. City of Chicago v. Union Building Association, 102 Ill. 379; Seager v. Kankakee County, 102 Ill. 669.

If the allegations of the answer are true, we are at a loss to know how appellee's burden of taxation, whether great or small, will be increased by the act of the commissioners in delivering the orders to persons other than Drennan and Easly.

The orders, as we have seen, are valid, and if delivered to Easly and Drennan, will be included in the next regular tax levy, and if they are retained by the present holders the amount of them would in like manner be included in the same levy. In respect of them the amount of appellee's taxation in either event will be the same and will be paid by him at

the same time and in the same manner. Nor is the aggregate indebtedness of the town in anywise increased by the irregular disposition of the orders.

If it is true, as the answer avers, that the appellee instituted the suit at the instigation of Easly and Drennau, and that he has no private interest involved, other than, or different from the body of the tax payers of the town, his bill should not be entertained. 2 High on Injunctions, Secs. 1298, 1299, 1300 and 1301.

The averments of the answer under consideration, attacked directly the standing of the appellee as a proper party complainant, and if sustained by proof, would operate to wholly defeat the action. Therefore the exceptions to the answer ought not to have been sustained, but should have been overruled.

The decree must be reversed and the cause remanded for further proceedings consistent with the views here expressed.

*Reversed and remanded.*