JULIUS VOGEL ET AL., APPELLANTS, V. PATRICK RAWLEY ET AL., APPELLEES.

FILED DECEMBER 14, 1909. No. 16,200.

1. Injunction: RESTRAINING VILLAGE BOARD. The extraordinary writ of injunction will not be interposed to prevent performance of the political duties devolving upon the village board, in the absence of fraud or of a clear and unmistakable showing that an irreparable injury is about to be committed, and for which neither a law action nor an appeal from the action of the board will afford an adequate remedy.

2. ———: PUNISHMENT FOR ACTS COMMITTED. The writ of injunction cannot be properly employed as a punishment for acts already committed.

3. ———: DISCRETION OF VILLAGE BOARD. Injunction will not lie to control the discretion of a village board.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE.  *Affirmed.*

*A. D. McCandless* and *E. O. Kretsinger,* for appellants.

*Hazlett & Jack,* contra.

DEAN, J.

This is an injunction case tried on the pleadings and the affidavits of the respective parties.   No oral testimony was offered on either side.   The case is the outgrowth of a contention that arose between the parties over applications made to the village board of Barneston, in Gage county, for the issuance of saloon licenses in the fall of 1908.   The district court found the petition herein did not state a cause of action, dismissed the case, and plaintiffs appeal.

The appellants Vogel and Wood, who were plaintiffs in the trial court, and are hereinafter called plaintiffs, were remonstrators before the village board against the issuance of the licenses.   In their petition plaintiffs allege the corporate capacity of the village and the respective official positions of the defendants Rawley, Moran, McKelvey, Gerdes and Wyatt, who constitute the village board, and A. D. Spencer, who is village clerk.   They make Edward W. Severance and John W. Wolken, who are applicants for saloon licenses, parties defendant, and also Charles Churda, alleging the latter is the real party in interest with respect to the application of Wolken.   Plaintiffs also allege, in substance, that Severance and others in Barneston, who are actively interested in having a saloon license issued to him, have openly threatened to do great bodily injury to plaintiffs in the event they filed a remonstrance against the application of Severance, and that the latter and defendant Churda instigated one Frank Pisar to assault the plaintiffs, and that in pursuance of such instigation he struck and otherwise maltreated them without any

provocation other than that they were in the act of filing remonstrances against the applications of defendants Severance and Wolken. It is also alleged that the place of meeting of the village board is in a building situated some distance from the main street, and that there are no sidewalks leading thereto and no street lights, and that the building is partially surrounded by high weeds, and that future meetings will be held there for the hearing upon the present remonstrance in the nighttime, and that by threats and intimidation remonstrators' witnesses will be prevented from appearing and testifying; that the board is without jurisdiction because no legal liquor ordinance has ever been passed by the village council; that if licenses are granted to either of the applicants they will violate the law and maintain nuisances; that breaches of the peace will often occur; that the enforcement of law and order in the village will be impossible; that threats of great bodily violence to be visited upon plaintiffs have been made by defendants and their friends; that, unless the prayer of plaintiffs is granted, the defendants' and their friends' unlawful threats will be executed; that plaintiffs have no adequate remedy at law. The allegations of the petition are for the most part supported by affidavits and denied by counter affidavits.

After motions to vacate and to strike certain of the affidavits from the files were overruled, the defendant members of the village council and the village clerk filed a joint answer denying generally all the allegations of the petition, but admitted the official capacity in which they were sued, and admitted the board was about to proceed to consider the applications. Defendants Severance, Wolken and Churda filed their joint answer making the same admissions that were made by the members of the village board, but denying generally all other allegations in the petition. Plaintiffs' reply was a denial in the usual form of the allegations of the answer.

In support of their respective positions the plaintiffs and defendants together offered in evidence the affidavits

of upwards of 70 witnesses. We have examined all of them carefully. The affidavits on the part of plaintiffs and of defendants, and the record generally, indicate that during the summer of 1908 there was considerable activity on the part of some of the residents of Barneston both for and against the establishment of the saloon business in that community. Those opposing its establishment succeeded on two occasions by appropriate court proceedings in preventing the establishment of saloons. The activity of both sides in the former contests seems to have led to some feeling that has apparently culminated in this suit, and from the record before us appears to involve citizens and residents of the village who are not parties to this action. On the part of plaintiffs the affidavits charge they have been the object of threats, and on one occasion were assaulted by one Frank Pisar. The affidavits of the plaintiffs were met and flatly contradicted in all essential points by the affidavits of perhaps an equal or greater number of witnesses filed in behalf of the defendants. We cannot dismiss the thought that the district court who tried the case is doubtless acquainted with the local situation and perhaps knows personally the witnesses, and, after considering all the testimony and weighing it, resolved the controversy as seemed to him just and right. In the condition of the record, presenting as it does a massive volume of conflicting testimony that it is seemingly impossible to reconcile, we are not disposed to disturb the finding and judgment of the trial court.

A sameness with respect to the allegations of defendants' affidavits has not escaped our notice, but the same feature, and to perhaps as great an extent, seems to characterize the affidavits of plaintiffs. From a careful scrutiny of the record we are not convinced that the plaintiffs are without a remedy at law, or by appeal from the action of the board for the adjustment of the grievances of which they complain. In view of the record and the authorities applicable thereto, we are constrained to hold that plaintiffs have not shown a clear right to the issuance of the

writ. It is elementary that the writ of injunction cannot be properly employed as a punishment for wrongful acts already committed. Courts of equity will not permit the extraordinary writ of injunction to be interposed to prevent performance of the political duties which devolve upon a village board in the proper exercise of its municipal functions, in the absence of fraud or of a clear and unmistakable showing that some irreparable injury is about to be committed by the board for which neither a law action nor an appeal from the action of such board will afford an adequate remedy, nor in any event will the writ be allowed to control the exercise of the official discretion of the board. The rule is thus stated by Henry Wade Rogers in 22 Cyc. 808: "Where complainant has a right of appeal in the suit sought to be enjoined, and the injustice complained of can be redressed on such appeal, the action will not be enjoined, especially where a stay of proceedings pending the appeal can be obtained." *Hardesty v. Taft,* 23 Md. 512; *Stone v. Little Yellow Drainage District,* 118 Wis. 388; *Devron v. First Municipality,* 4 La. Ann. 11; *Leo v. Union P. R. Co.,* 17 Fed. 273; *Commissioners of Highways v. Deboe,* 43 Ill. App. 25; *Wehmer v. Fokenga,* 57 Neb. 510; *Warlier v. Williams,* 53 Neb. 143; *Eidemiller v. Guthrie,* 42 Neb. 238.

The contention is made by plaintiffs that the village ordinance of Barneston regulating the issuance of saloon licenses was not lawfully passed, aproved and published. The record discloses that on August 11, 1908, a special meeting of the village board was called by chairman Rawley to meet the following evening at 8 o'clock at the village clerk's office for the purpose of considering and voting upon the question of passing a liquor license ordinance. Section 43, art. I, ch. 14, Comp. St. 1909, among others, authorizes the chairman to convene the village board in special session, and the call issued by that official seems to have met the requirements of the statute. The object of the meeting was stated in the notice, and service thereof was accepted by all the members of the board by subscrib-

ing their names thereto. In pursuance of the notice the board convened with all members present, and the ordinance was introduced and read the first time, after which the meeting adjourned until the next morning at 9 o'clock, at which time the board again convened with all members present, and the ordinance was read the second time, when on motion the rules were duly suspended, and it was read for the third time and passed, and a motion made that it be published in the Barneston Herald one week, in which paper the record elsewhere discloses the publication was regularly made. The roll was called and a record made of the vote of each member at every step in the proceeding. It is shown that all the members of the board on roll call voted unanimously for every feature of the license ordinance and for every question that came before them with reference to its passage. There was not a dissenting voice. The ordinance appears to have been passed in compliance with the requirements of the statute.

A supplemental brief was submitted to us by plaintiffs after the oral argument, wherein it is contended that, if the licenses are permitted to issue, the saloons that will be opened up in pursuance thereof will constitute a nuisance. From the reply brief of defendants filed in response thereto, there appears to be a difference of opinion between the parties on this feature of the case, which in the present state of the record we are precluded from determining. The record fails to disclose grounds sufficient to warrant an inquiry into the subject urged in the supplemental brief of plaintiffs.

Finding no reversible error, the judgment of the trial court must be, and it hereby is,

AFFIRMED.