Emma L. Scott, Executrix of the Estate of Ralph B. Scott, Deceased, Appellee, v. Venice State Bank, Appellant.

Opinion filed September 12, 1931.

HARRY FAULKNER and GEO. D. BURROUGHS, for appellant.

M. R. SULLIVAN and POPE & DRIEMEYER, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Emma L. Scott, as executrix of the estate of Doctor Ralph B. Scott, deceased, filed her bill in the circuit court of Madison county, averring that the said decedent in his lifetime, while president of the Venice State Bank, on December 1, 1927, gave his note for $1,000, without interest and due on demand, to said bank; and also, on January 9, 1928, gave to said bank his other note in the sum of $2,500, due in six months, with interest at seven per cent from maturity, the latter note being secured by certain stocks deposited as collateral therefor; that said notes were without consideration, and praying that they be surrendered and canceled, and with the collateral, turned over to her as such executrix.

Demurrer to the bill being overruled, defendant answered. Exceptions to the answer were sustained, and defendant filed an amended answer, setting forth that the defendant, at the times of the execution of the notes, was insolvent, which fact was known to the said Ralph B. Scott, and that he and other directors gave their notes to restore the impairment of the capital and surplus of defendant; that on November 8, 1929, the bank was closed by the State Banking Department; that during all of said time the bank was insolvent, and that the notes in question remained as assets of the bank, and later, in December, 1929, were sold with other assets to the Union Trust Company to raise funds to pay off the depository liability. Complainant filed replication to the amended answer, and the cause was referred to the master in chancery to take and report proofs and findings.

The master rendered his report recommending a decree for complainant. Exceptions to same were overruled and decree entered directing that the notes in question, together with said collateral, be surrendered.

This decree was based upon certain findings, the principal of which were that the notes were without consideration; were placed in the bank as accommoda-

tion paper, and were to be returned to Scott when they had served their purpose; that they were given upon agreement with the bank that when it had made money enough to replenish the capital stock to the value required, it would return the notes to the makers and they would not be required to pay the same, and that no creditor had lost, nor would lose, anything by the surrender of the notes.

The bill of complaint averring, as a single ground for relief, lack of consideration for the notes, the court was without authority to make findings as to any other of the items just above mentioned, they not being in issue in the suit.

If the complainant had conceived that the evidence tended to prove such matters, and desired to rely upon them as grounds for relief, she should have, before final decree, moved the court for leave to amend her bill. Complainant, however, having elected to abide by her bill of complaint as originally drawn, is bound by the limitations of its allegations and is restricted to a single ground as a right of recovery, namely, that the notes in question were given without consideration. *Dorn v. Geuder,* 171 Ill. 362; *Commissioners of Highways v. Deboe,* 43 Ill. App. 25, 31.

There is no real dispute as to the principal facts. It appears from the proof that Scott was president, director and stockholder in the Venice State Bank, capitalized at $25,000, represented by 250 shares. In November, 1927, the bank became financially embarrassed, and three of the directors, among them Scott, consulted the chief bank examiner at Springfield, who advised the giving of notes instead of making a stock assessment. This was done on December 1, 1927, Scott giving his note for $1,000, due on demand and without interest, and certain of the other directors and stockholders also giving their notes, all of which were placed as bills receivable in the assets of the bank. Shortly thereafter the bank became further involved

financially and the directors, including Scott, met and agreed to place other notes in the bank to the amount of $8,500, Scott giving his note on January 9, 1928, for $2,500, due in six months, with interest at seven per cent from maturity, and other directors also giving their notes in varying amounts, all of which were likewise placed among the assets of the bank as bills receivable.

The bank's condition grew worse, and in May, 1928, the directors, including Scott, borrowed from the National City Bank of St. Louis, $25,000, by giving their joint note therefor. The proceeds of this note were turned over by Scott to the State bank examiner, and by him placed in the Venice State Bank, he at the same time taking out of the bank objectionable paper to the amount of $23,700, leaving, however, in the assets the notes of Scott and others, executed on December 1 and January 9 next preceding.

In June, 1928, a month after the giving of the $25,000 note, Scott died, and complainant was appointed executrix of his estate. She, in her representative capacity, paid a proportionate share of the loan to the National City Bank, and on October 5, 1928, filed this suit.

The bank's financial condition having become seriously impaired, on November 7, 1928, the directors turned the institution over to the State Auditor to liquidate its affairs. The assets of the bank were sold, including the two Scott notes, some of the creditors being paid in full, while others compromised their claims.

Doctor Scott, as president, director and stockholder of the Venice State Bank, was vitally interested in its continuation as a going institution. It is apparent that he and his associates gave to the bank said notes, absolute on their face, to increase its credit, give to it stability, restore its solvency, and avoid liability arising from a possible assessment on their stock.

The courts have held that notes so executed are based upon a valid consideration. In *State Bank of West Pullman v. Hovnanian,* 250 Ill. App. 144, 156, where a note was given under similar circumstances, the court says: ''It may be said, further, on the subject of consideration, that even if one were necessary, we think that bringing about the solvency of the bank and the consequent expected release from liability from an assessment on his stock was a valid consideration.'' To the same effect are *Liberty Trust Co. v. Price,* 259 Mass. 596; *Farmers' Equity Co-op. Ass'n of Dresden v. Tice,* 122 Kan. 127; *Queensboro Nat. Bank of City of New York v. Kelly,* 220 App. Div. 515, 221 N. Y. S. 703.

We are of opinion that the notes for $1,000 and $2,500 given by Ralph B. Scott to the Venice State Bank were based upon a sufficient consideration, and that the decree of the chancellor finding to the contrary was erroneous.

For the reasons stated the decree of the circuit court of Madison county is reversed, and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*