RICHARD BISHOP ET AL., APPELLANTS, V. IRA B. HUFF ET AL., APPELLEES.

FILED MAY 21, 1908.    No. 15,206.

1. **Pleading**: CONSTRUCTION. The rule that under the code pleadings should be liberally construed does not apply in applications for any extraordinary writ.

2. **Petition** set out in the opinion examined, and *held* not to state facts sufficient to constitute a cause of action for equitable relief.

3. **Pleading**: DEFECT OF PARTIES: WAIVER. A defect of parties appearing on the face of the petition must be objected to by demurrer on that ground or it will be waived.

4. **Appeal:** Law and Equity Cases. A clear distinction exists in this state between an appeal in an action at law and an appeal in a suit in equity. In the latter case the appellate court does not merely review the actions of the trial court, but affords a retrial.

Appeal from the district court for Harlan county: Ed L. Adams, Judge. *Affirmed.*

*C. M. Miller* and *J. M. Mohney,* for appellants.

*John Everson* and *Gomer Thomas, contra.*

Fawcett, C.

Plaintiffs, nine in number, brought suit in the district court for Harlan county against "Ira B. Huff, George R. Greer, and Peter Nielsen, as the board of trustees of the village of East Oxford." In their petition plaintiffs allege that they are residents and taxpayers of said village of East Oxford, and that the suit was brought by them on their own behalf and on behalf of all other taxpayers similarly situated who might come in and contribute to the expense of the suit. In the third paragraph they allege that the board of trustees had audited and allowed a large number of claims or accounts against the village in large sums, the amount of which is unknown to the plaintiffs; that the village clerk had issued warrants therefor, which the treasurer had paid, all of which they say was illegal because the board of trustees had not complied with the law by first passing an ordinance known as the annual appropriation bill; that "the said board has entirely failed to pass the said annual appropriation bill, and, having proceeded to apply the moneys raised by taxation, license and other sources of income to the payment of said claims and accounts heretofore audited, allowed and paid, have made themselves liable as individuals for the payment of the same." The fourth paragraph of the petition alleges that the board had contracted a large number of accounts that were not necessary to be contracted, had used the money of the village for the purpose

of constructing sidewalks, also for street crossings and grading the streets of the village, without having passed the annual appropriation bill, appropriating certain definite sums of money for the purposes for which the said sums had been allowed and paid; that no appropriation bill had been passed for sidewalks, street crossings, or for any other improvements, or to defray any other expense of the said village, "but that said board of trustees have audited, allowed, and paid for all expenses and improvements without having first appropriated any sum or sums whatever for the payment of the same, and without having called a special election at which any appropriation has been submitted to the legal voters of said village, and without having secured the assent of the electors of said village by petition signed by them appropriating money for any of the sums so audited, allowed and paid." There is a prayer for an accounting and injunction. It is clear that no injunction could issue for any of the matters set out in these two paragraphs of the petition, as all of the wrongs there complained of had already been committed, and, if the facts alleged create any liability against the defendants, it is a liability enforceable only in an action at law, and not by a suit in equity for an accounting.

Paragraph 5 of the petition alleges that at the last general election the question of abolishing the village was duly submitted to the electors, who voted in favor of abolishing the said corporation, but, notwithstanding the result of the election, the board of trustees is still continuing to act and planning to make further contracts. There is absolutely no evidence in the record before us to sustain the allegations of this paragraph.

Paragraph 6 is evidently the one upon which plaintiffs base their claim for relief by injunction. It reads as follows: "Plaintiffs further represent that, unless the said defendants are restrained by injunction, they will proceed to contract further indebtedness against the said village, and will audit, allow and pay the same without having had the said annual bill aforesaid, and will thus

wrongfully and illegally appropriate the money now in the treasury of the said village for the payment of such claims, and will also contract obligations against the said village that will have to be liquidated by the taxation of the citizens of said village in the future, and these plaintiffs and the electors of said village have no adequate remedy at law." Defendants insist that this paragraph of the petition does not state facts sufficient to constitute a cause of action for the equitable relief prayed. We think this contention is sound. Section 88, art. I, ch. 14, Comp. St. 1907, upon which plaintiffs rely, is as follows: "The mayor and council or board of trustees shall have no power to appropriate, issue, or draw any order or warrant on the treasurer for money, unless the same has been appropriated or ordered by ordinance, or the claim, for the payment of which such order or warrant is issued, has been allowed according to the provisions of this chapter, and appropriations for the class or object out of which such claim is payable has been made as provided in section 86. Neither the city council or the board of trustees nor any department or officer of the corporation shall add to the corporation expenditures in any one year anything over and above the amount provided for in the annual appropriation bill for that year, except as herein otherwise specially provided; and no expenditure for any improvement, to be paid for out of the general fund of the corporation, shall exceed in any one year the amount provided for such an improvement in the annual appropriation bill; provided, however, that nothing herein contained shall prevent the city council or board of trustees from ordering, by a two-thirds vote, the repair or restoration of any improvement, the necessity of which is caused by any casualty or accident happening after such annual appropriation is made. The city council or board of trustees may, by a like vote, order the mayor or chairman of the board of trustees and finance committee to borrow a sufficient sum to provide for the expense necessary to be incurred in making any repairs or restoration of improve-

ments, the necessity for which has arisen, as is last above mentioned, for a space of time not exceeding the close of the next fiscal year, which sum, and the interest, shall be added to the amount authorized to be raised in the next general tax levy, and embraced therein. Should any judgment be obtained against the corporation, the mayor, or the board of trustees, and finance committee, under the sanction of the city council or board of trustees, may borrow a sufficient amount to pay the same, for a space of time not exceeding the close of the next fiscal year, which sum and interest shall, in like manner, be. added to the amount authorized ·to be raised in the general tax levy of the next year, and embraced therein."

All of the repairs and all of the indebtedness included within the above exceptions might lawfully be made and incurred by the village board whether an annual appropriation bill had been passed or not; and there is nothing in the language of paragraph 6 of plaintiffs' petition to negative the idea that the indebtedness which they say the defendants will proceed to contract, and the moneys which they say they are about to appropriate, may not be for the purposes named within those exceptions. If so, plaintiffs' conclusion that such appropriation would be illegal is not well founded. Plaintiffs are asking the extraordinary legal remedy of injunction, and, in order to entitle them 'to the writ, they must clearly show their right to such relief. The court cannot aid their allegations by construction, but, unless their right to the writ is made clearly to appear, it must be denied. *School District v. De Long,* 80 Neb. 667. In the prayer of their petition they pray for an accounting, and that the board of trustees be restrained from auditing *any* claim against said village in payment of *any* expenses incurred by them or any of them, or for the payment of *any* outstanding indebtedness of such village whatever; that the clerk be restrained from drawing and attesting, and the chairman from signing, *any* warrant or warrants against said village in payment of *any* audited accounts aforesaid, or for

the payment of *any* outstanding debts of said village, except judgments; and that the treasurer be restrained from paying *any* warrant or warrants drawn in payment of *any* outstanding indebtedness of said village whatever, except judgments. Clearly plaintiffs are not entitled to such relief, for, as shown above, any liabilities created under the exceptions noted would be perfectly valid without an appropriation bill, and the court could not restrain the board of trustees from auditing and paying the same.

Defendants contend that the petition does not state a cause of action, for the reason that only three persons are named as a board of trustees, when the law demands, and there were in fact, five trustees; but this contention cannot be sustained. Instead of demurring, defendants answered, and the rule is well settled that a defect of parties appearing on the face of the petition is waived by failure to demur on that ground. *Castile v. Ford,* 53 Neb. 507. It is also urged by defendants that the judgment below should be affirmed, for the reason that as to eight of the plaintiffs the evidence fails to show that they are taxpayers or even residents of the village of East Oxford; that it was necessary for plaintiffs to allege and prove that they were residents and taxpayers, in order to entitle them to maintain the suit; that the allegation in their petition that they were residents and taxpayers having been denied by the answer, and there being no proof whatever that any of the nine plaintiffs except plaintiff Hanners were taxpayers, the judgment of the district court in dismissing the suit was right as to them; and that, the nine plaintiffs having united in a joint appeal to this court, the judgment must be affirmed. In other words, that, as the judgment is right as to eight of the plaintiffs, and should be affirmed as to them, and the appeal being joint, it must be affirmed as to all. Counsel for defendants seem to place their reliance upon the rule stated in *City of Lincoln v. Bailey,* 5 Neb. (Unof.) 619, and cases there cited; but in *Western Cornice & Mfg. Works v. Leavenworth,* 52 Neb. 418, we held: "A clear

distinction exists in this state between proceedings by petition in error and an appeal." That (422) "in an appeal the appellate court does not merely review the actions of the trial court, but reexamines the questions presented, in effect affords a retrial of them." This being an appeal in equity triable *de novo,* we must therefore hold against defendants on this contention.

We have no reluctance in applying the strict rule of construction in this case, for the reason that an examination of the record shows that the case is really without merit. We have examined the record very carefully, and have been unable to find any evidence even tending to show that the village board was attempting to squander or misapply any of the funds of the village. They seem to have been acting in perfect good faith, and, if guilty of any wrong, it was nothing more than the technical wrong of having failed to pass the annual appropriation bill. We do not wish to be understood as asserting the doctrine that an injunction under proper allegations will not lie even for this technical failure of duty. What we mean to say is that a court will not issue the writ of injunction in such a case except when called upon to do so by the presentation of a petition which makes perfectly clear the right of the plaintiff to the writ. The petition in this case is not so framed.

We recommend that the judgment of the district court be affirmed.

CALKINS and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.