GEORGE A. PARKS ET. AL., APPELLANTS, V. JAMES J. PARKS COMPANY ET AL., APPELLEES.

FILED MARCH 26, 1935. No. 29218.

*M. O. Cunningham,* for appellants.

*L. J. Te Poel, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

The appellants, George A. Parks and James J. Parks, Jr., instituted this suit in equity in the district court for Douglas county against the James J. Parks Company, a corporation, James J. Parks and John F. Parks, praying that the James J. Parks Company be adjudged and decreed a copartnership, that a receiver be appointed, its assets distributed and the company dissolved. From an adverse decree of the district court finding that the James J. Parks Company was "at least a *de facto* corporation, and the members thereof shareholders in said corporation," the appellants bring the case to this court for review.

The record discloses that on February 25, 1914, James J. Parks, Henry F. Ryan and George A. Parks associated themselves together and organized the corporation known as James Parks Company which, under the terms of its articles of incorporation, was to exist for a period of 10 years. It appears that on the expiration of the 10-year period the parties, including others who had become stockholders, continued to act as a body corporate during the years 1924 and 1925. It further appears that in the year 1926 the appellants and the individual appellees had become the owners of all the stock of the alleged corporation. On December 13, 1926, all of the stockholders, including the appellants, adopted a number of amendments to the articles of incorporation of James Parks Company, caused them to be filed with the secretary of state, recorded with the county clerk of Douglas county and published as re-

quired by law. The amendments in substance changed the name of the entity from James Parks Company to the James J. Parks Company; changed the principal place of business from South Omaha, Nebraska, to Omaha, Nebraska; authorized the issuance of $20,000 capital stock, divided in 80 shares of $250 each, instead of $6,000 capital stock divided into 20 shares of $300 each; changed the amount of indebtedness to which it could subject itself from two-thirds of its subscribed capital stock to two-thirds of its paid-up capital stock; and provided that the corporation should continue for 50 years from the filing of the articles of incorporation with the county clerk of Douglas county, Nebraska, which was done on December 13, 1926. On December 26, 1933, the appellants filed their amended petition in the district court upon which this suit is based.

The only question to be decided in this case is whether or not the James J. Parks Company is a corporation, either *de jure* or *de facto*. If it is a corporate entity, this suit cannot be maintained. A suit to dissolve an existing corporation must be by direct attack, the proper remedy being an information in the nature of a writ of *quo warranto*. On the other hand, if the alleged corporation has no existence either *de jure* or *de facto,* its legal existence is subject to collateral attack and appellants could successfully maintain their action if the evidence was sufficient to support it.

A corporation *de jure* has been defined by this court as one whose right to exercise a corporate function would prove invulnerable if assailed by the state in *quo warranto* proceedings. *Capps v. Hastings Prospecting Co.,* 40 Neb. 470. But, ofttimes, an association may not be able to justify itself when called on by the state to show by what authority it assumes to be, and acts as, a corporation. It may, however, be so far a corporation that, for reasons of public policy, no one but the state will be permitted to call in question the lawfulness of its organization. Such is what is termed a corporation *de facto*; that is, a corporation from the fact of its acting as such, though not in law

or of right a corporation. *Finnegan v. Noerenberg*, 52 Minn. 239. It is a fundamental principle that there cannot be a corporation *de facto* where there are no laws authorizing a corporation *de jure*. Do the statutes of Nebraska authorize the organization of a corporation *de jure* in the case at bar? We hold that they do. The nature of the business of the James J. Parks Company was a general paving, grading and construction business, including sewer construction. That this is a "lawful business" within the meaning of section 24-201, Comp. St. 1929, there can be no question. By substantially complying with the laws of this state on the subject, the James J. Parks Company could have been a corporation *de jure*. Whether or not the James J. Parks Company was a corporation *de jure* will not be decided in this case in view of our subsequent finding that it is a corporation *de facto*. Such a finding is decisive of every issue raised in the case at bar.

It is essential to the existence of a *de facto* corporation that there be (1) the existence of a charter or some law under which a corporation with the powers assumed might lawfully be created; (2) a *bona fide* attempt to organize a corporation under such law; (3) a colorable compliance with the requirements of such law; and (4) an actual user of corporate power.

The evidence shows that on January 3, 1927, following the filing of the amended articles of incorporation with the county clerk of Douglas county, an organization meeting of the alleged corporation was held. George A. Parks, one of the appellants, was elected an officer at that time and continued as such until this suit was brought. He signed the original articles of incorporation, the amended articles of incorporation and numerous returns to the secretary of state for state corporation taxes due. James J. Parks, Jr., the other appellant, was a stockholder of the James J. Parks Company from January 3, 1927. ·He also signed the original articles of incorporation as well as those of the new organization and was a director of the company until the commencement of this action. That

the company carried on the business of the corporation, there is no dispute. It published notices of indebtedness and paid its corporation taxes every year. It entered into contracts as a corporation and did everything that it would have done had it been a corporation *de jure*. The elements necessary to constitute a corporation *de facto* are all present.

The first element heretofore mentioned is found to be present by the previous holding in this opinion that the James J. Parks Company could have been a corporation *de jure* if the requirements of the statute had been substantially complied with. That there was a law under which the James J. Parks Company could have been incorporated as a corporation *de jure* cannot be successfully disputed.

The execution of the amended articles of incorporation, which included all of the old articles of incorporation by reference, and their subsequent filing with the secretary of state and the county clerk of Douglas county are strong indication of a *bona fide* attempt to organize a new corporation under the law. An organization meeting was held, officers elected and regular meetings of the board of directors held. Clearly, an apparent attempt was made to organize under the law. Their organization may have been imperfect, although we are not holding that it was, so that upon a *quo warranto* they could not show a sufficient compliance with the law to justify the exercise of corporate powers, but, as to parties dealing with them, and as to each other, they are estopped to deny that they are what they held themselves out to be.

Whether or not there was a colorable compliance with the requirements of the law is often treated by the authorities in connection with the fact as to whether there had been a *bona fide* attempt to organize. Suffice it to say that color of apparent organization under some charter or law does not mean that there shall have been a full compliance with what the law requires to be done, nor a substantial compliance. A substantial compliance will create

a corporation *de jure*. But there must be an apparent attempt to perfect an organization under the law. There being such apparent attempt to perfect an organization, the failure as to some substantial requirement will prevent the body being a corporation *de jure;* but, if there be user pursuant to such attempted organization, it will not prevent it being a corporation *de facto*. *Finnegan v. Noerenberg,* 52 Minn. 239. The facts in the case already detailed in this opinion are sufficient to show that there was a user of corporate power by the James J. Parks Company. It did everything that was consistent with a corporate organization and appellants have failed to point out anything that the company did that was inconsistent with the exercise of corporate power. We therefore hold that the James J. Parks Company was "at least a *de facto* corporation." The judgment of the trial court in dismissing appellants' petition is therefore correct and the same is hereby

AFFIRMED.