LINDEN N. ELSON, APPELLANT, V. CHARLES SCHMIDT ET AL., APPELLEES.

287 N. W. 196

FILED JULY 21, 1939. No. 30594.

*F. B. Morrison* and *F. J. Schroeder,* for appellant.

*Butler, James & McCarl, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This is a suit for an injunction, in which plaintiff was denied relief and has appealed.

Plaintiff was a stockholder in Curtis & Fox Creek Telephone Company, a dissolved corporation. Most of his stock had been purchased after the corporation's charter had expired. Defendants were the directors of the corporation at the time of its dissolution, and, under section 24-107,

Comp. St. 1929, were thereby constituted as its liquidating trustees. This suit was brought to enjoin defendants, as such trustees, from disposing of twenty-two shares of capital stock in Curtis Telephone Company, another corporation, which was part of the assets of the dissolved corporation, for a less amount than plaintiff had offered the trustees for it, and to require them to offer the stock publicly for sale. The petition alleged that defendants were intending to sell the stock to a third purported corporation, the Curtis and Southwestern Telephone Company, for $1,100, while plaintiff had offered and was willing to pay $4,225 for it.

The answer of defendants set out that the stock had already been sold and transferred to the Curtis and Southwestern Telephone Company at the time suit was instituted; that the consideration had been fully paid to the trustees, and that, since the transaction was completed, plaintiff was not entitled to an injunction against them. It was further alleged that the sale had been made pursuant to a previous obligation on the part of the dissolved corporation.

The reply alleged, in substance, that the purchaser, though purporting to be a corporation, had no actual corporate existence; that it could accordingly not take title to the stock; that the sale therefore was ineffectual and void, and that the trustees under these circumstances still held title to the stock.

The record indicates that behind the suit lies a controversy over plaintiff's attempt to get control of the Curtis Telephone Company, which had been incorporated by, and was being used as a central office or exchange for, a number of rural telephone companies. With that controversy, however, we have no concern here. The controlling question on this appeal is whether the trustees have been divested of title to the stock. If title does not remain in them, the decree of the district court must be affirmed. Equity will not issue an injunction where the act is already committed and the injury is done. *Vogel v. Rawley*, 85 Neb. 600, 123 N. W. 1037; 1 High, Injunctions (4th ed.) sec. 23. To do so would be merely a useless gesture.

Plaintiff contends that title to the stock never actually passed from the defendants, because the purchaser was neither a *de jure* nor a *de facto* corporation and so did not have legal capacity to become a transferee of the stock. His argument is that the capital stock of the Curtis and Southwestern Telephone Company had never been properly subscribed for, and that, therefore, under *Livesey v. Omaha Hotel Co.*, 5 Neb. 50, the company did not have a corporate existence. *Livesey v. Omaha Hotel Co., supra,* established the rule in Nebraska that subscription for capital stock is a condition precedent to corporate existence under our general incorporation statute, and that, unless the articles of incorporation otherwise provide, the authorized capital must be subscribed in full in order to create either a *de jure* or a *de facto* corporation. While this rule represents the minority view (8 Fletcher, Cyclopedia Corporations (Perm. ed.) sec. 3817), it must nevertheless be accepted as the settled law of this state as to any situation within its limited scope,—and this notwithstanding that the court appears not to have applied it in *Porter v. Sherman County Banking Co.*, 36 Neb. 271, 54 N. W. 424, where a corporation was treated as having a *de facto* existence, although its capital stock had never been fully subscribed for, pursuant to its articles.

In the case before us, the charter of the original corporation known as the Curtis and Southwestern Telephone Company had expired in 1933. Seemingly oblivious of the corporation's dissolution, its officers continued to operate the business in the usual way, and its directors and stockholders held meetings and elected officers as before. When they awoke to the situation in 1938, the president and secretary had new articles of incorporation drawn, which they executed in their official capacity and which recited that, acting for the stockholders of the Curtis and Southwestern Telephone Company, they had associated themselves together for the purpose of reorganizing the corporation. The articles purported to date back the corporate existence to the expiration of the previous charter. Provision was made

for capital stock in the same amount and of the same par value as under the original articles, and it was further provided that "All holders of shares in the old Curtis and Southwestern Telephone Company shall be issued shares in this company in equal amount as their holdings in the old company."

While technically the new corporation was a separate entity from the old, the effect of what was done was simply to preserve the business of the old Curtis and Southwestern Telephone Company and the relationship of the stockholders to it. The articles automatically made the old shareholders the stockholders of the new corporation. No condition precedent was imposed on them. In this situation, a formal subscription for the stock was not necessary. All that was required of the old stockholders was assent. The assent did not have to be evidenced in any particular form, so long as it actually existed. It might be inferred from circumstances. It was legitimately inferable from the evidence in this case.

The new articles of incorporation were executed and filed in January, 1938. The assets of the old corporation and the operation of its business were immediately taken over. A meeting was called of all the stockholders of the old corporation, at which officers and directors were elected for the new corporation, and a dividend was directed to be paid by it out of the assets acquired. Subsequent directors' meetings were held. The corporation borrowed money at a local bank to pay for the Curtis Telephone Company stock involved in this suit. It executed a note for the loan and an assignment of the stock certificate as collateral thereto. Its telephone business was thereafter continuously operated, and had been so down to the trial of this case in August, 1938, unquestioned, so far as the record indicates, by any stockholder. While no certificates of stock had been issued, all of these events together were sufficient, for the purpose of this suit, to indicate the assent of the old stockholders to the new corporation and their acceptance of it. The trial court was accordingly justified in holding that such provision for stock disposition had been shown as gave the new

corporation at least a *de facto* existence. The evidence detailed also establishes all the other elements necessary to constitute a *de facto* corporation. *Parks v. James J. Parks Co.*, 128 Neb. 600, 259 N. W. 509.

But there is another ground that would defeat plaintiff's right to injunctive relief, even if his contention had been sound that the Curtis and Southwestern Telephone Company was utterly without corporate existence. If no corporation was created, those who associated themselves under the articles or subsequently became members occupied a partnership status. Their liability as partners in such a situation is expressly declared in *Abbott v. Omaha Smelting & Refining Co.*, 4 Neb. 416, and *Hughes Co. v. Farmers Union Produce Co.*, 110 Neb. 736, 194 N. W. 872. They are similarly accorded the rights and advantages of a partnership. 13 Fletcher, Cyclopedia Corporations (Perm. ed.) sec. 6663. Where, therefore, personal property is transferred to such an association,—that lacks corporate existence,—it will take as a partnership. *Jones v. Aspen Hardware Co.*, 21 Colo. 263, 40 Pac. 457; *Sterne v. Fletcher American Co.*, 204 Ind. 35, 181 N. E. 37; *Smith v. Texas & New Orleans R. Co.*, 101 Tex. 405, 108 S. W. 819. In this case, if no corporation had existed, the trustees would nevertheless have been divested of title to the stock, and it would have vested in the partnership, consisting of William J. Price and J. W. Rittenburg, by whom the articles were executed, and who had entered into the contract with the trustees and paid the money for the stock, and in any subsequent associates or members.

The decisive fact on this appeal is that the trustees were in any event divested of title to the stock. If any question exists as to the good faith of the sale or as to the right to avoid it, it is not now before us. Nor have we deemed it necessary to consider in this case whether the Curtis and Southwestern Telephone Company is entitled to claim the status of a *de jure* corporation.

The trial court properly denied an injunction and dismissed plaintiff's petition.

AFFIRMED.