EARL CONRAD ET AL., APPELLANTS, v. WILLIAM C. KAUP, APPELLEE.

291 N. W. 687

FILED APRIL 19, 1940. No. 30810.

*Robins & Yost*, for appellants.

*John J. Gross, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

SIMMONS, C. J.

In this action, plaintiffs sought to enjoin the defendant from engaging in the seed business within the trade territory of West Point, Nebraska. Plaintiffs' action is founded on a written instrument, dated December 18, 1937, expiring November 1, 1938. Plaintiffs are in the wholesale and retail seed business. The contract related to the sale of seeds produced or marketed by the plaintiffs. The contract, among other clauses, provided: "Upon termination of this agreement, second party (defendant) agrees that he will not engage in the sale of, nor solicit for, the sale of any other seeds, either directly or indirectly, except that of Yager Seed Co. (plaintiffs) anywhere within the trade territory of first party (plaintiffs), within one year from the date of termination of this agreement."

Plaintiffs filed their petition herein on March 15, 1939, alleging a breach of the contract by the defendant, and praying that defendant be enjoined "from either directly or indirectly engaging in the sale of or soliciting for sale of seeds other than the seeds of Yager Seed Company anywhere within the trade territory of and within the vicinity of West Point, Nebraska, under the terms of the contract * * * up to and including the first day of November, 1939; that a temporary injunction issue herein, and that the plaintiffs have such other relief as may be just and equitable, including the costs and damages herein." April 18, 1939, defendant filed a demurrer. It was overruled May 3, 1939. At the same time, the trial court denied a temporary injunction. The defendant answered May 20, 1939. The case was heard June 5, 1939. At the close of plaintiffs' case in chief, defendant moved that the cause be dismissed for the reason that the pleadings and the evidence were insufficient to entitle plaintiffs to the relief prayed for in their petition. The motion was sustained, and the action dis-

missed. August 21, 1939, plaintiffs filed a notice of appeal to this court. The transcript and bill of exceptions were filed herein on September 2, 1939. Based on a stipulation of the parties, defendant's brief day was extended and his brief filed herein on November 4, 1939. The case was submitted to this court by oral argument on March 7, 1940.

By the provisions of section 20-1925, Comp. St. 1929, this matter is before this court for trial *de novo*. An injunction is a command to refrain from a particular act. Comp. St. 1929, sec. 20-1062. The remedy by ordinary injunction is wholly preventive, prohibitory, or protective. 4 Pomeroy, Equity Jurisprudence (4th ed.) 3206, sec. 1337. "Since the purpose of an injunction is not to afford a remedy for what is past but to prevent future mischief, not being used for the purpose of punishment or to compel persons to do right but merely to prevent them from doing wrong, rights already lost and wrongs already perpetrated cannot be corrected by injunction." 32 C. J. 45. See *Bishop v. Huff*, 81 Neb. 729, 116 N. W. 665; *Vogel v. Rawley*, 85 Neb 600, 123 N. W. 1037. We do not decide the merits of plaintiffs' case.

From an examination of plaintiffs' petition, the prayer thereof, and the evidence offered, it is obvious that the only relief this court could afford, were we so disposed, would be to enjoin the defendant from doing the acts complained of "up to and including the first day of November, 1939." Under the conditions here existing, we are called upon to determine the rights of the parties existing at the time of the determination of the suit in this court. 21 C. J. 663; 19 Am. Jur. 283, sec. 411; 19 Am. Jur. 50, sec. 21; 14 R. C. L. 308, sec. 6.

The relief ordinarily granted in equity is such as the nature of the case, the law, and the facts demand, not at the beginning of the litigation, but at the time the decree is entered. *Superior Oil & Gas Co. v. Mehlin*, 25 Okla. 809, 108 Pac. 545; *Randel v. Brown*, 2 How. (U. S.) 405; *McCormick v. Oklahoma City*, 203 Fed. 921; *Hanscom v. Malden & Melrose Gas Light Co.*, 220 Mass. 1, 107 N. E.

426; *Baker v. Salzenstein,* 314 Ill. 226, 145 N. E. 355; *Hale v. Jenkins,* 55 Misc. 119, 106 N. Y. Supp. 282; *Brown v. Cole,* 105 N. Y. Supp. 196; *Alsager v. Peterson,* 31 S. Dak. 452, 141 N. W. 391.

"When, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for the appellate court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief, the court will not proceed to a formal judgment, but will dismiss the appeal." *Mills v. Green,* 159 U. S. 651, 16 S. Ct. 132. See *Tennessee v. Condon,* 189 U. S. 64, 23 S. Ct. 579.

Courts are not required to issue useless orders or enter futile. decrees.

Plaintiffs' petition is dismissed at their costs.

AFFIRMED.