DOROTHY PUTNAM, APPELLANT, V.
JEFF FORTENBERRY ET AL., APPELLEES.
589 N.W. 2d 838

Filed February 19, 1999.    No. S-97-1235.

D. Milo Mumgaard and Vincent M. Powers for appellant.

William F. Austin, Lincoln City Attorney, for appellees.

Craig Groat, amicus curiae.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## INTRODUCTION

Dorothy Putnam appeals from the district court's denial of temporary and permanent injunctions against the appellees, Jeff Fortenberry; Cindy Johnson; Dale Young, Jerry Shoecraft; Colleen Seng; Curt Donaldson; Linda Wilson; City of Lincoln, Nebraska; and Michael Johanns (hereinafter collectively the City), enjoining the City from completing the sale of Lincoln General Hospital (hereinafter Lincoln General) from the City of Lincoln to Bryan Memorial Hospital and Bryan Healthcare, Inc. (hereinafter collectively Bryan). The threshold issue we must address is whether it is appropriate for us to review the denial of an injunction, given that the act Putnam sought to enjoin was completed several months ago.

## FACTUAL AND PROCEDURAL BACKGROUND

Lincoln General was an independent municipal hospital owned by the City of Lincoln, employing 1,124 part-time and full-time employees. On September 2, 1997, an ordinance was introduced during the Lincoln City Council meeting to approve a "Master Affiliation Agreement by and among Bryan Healthcare, Inc. and Bryan Memorial Hospital and The City of Lincoln, Nebraska and The Board of Trustees of Lincoln General Hospital" (hereinafter affiliation agreement). The affiliation agreement provided generally that Lincoln General would be sold to Bryan for a price of $42 million.

A public hearing was held on September 8, 1997, and the ordinance was passed by the city council on September 15. The affiliation agreement was executed by all the parties on October 1 and set forth a closing date of October 31.

Putnam first filed a petition in the district court on September 11, 1997, regarding this sale. Putnam's amended petition asked the district court, under various theories, to issue a declaratory judgment stating that the actions of the City in passing the ordinance and executing the affiliation agreement were contrary to law and were null and void, and to grant a permanent injunction preventing the City from attempting to convey Lincoln General to any other person, entity, or corporation.

On October 21, 1997, the district court denied Putnam's request for a temporary and a permanent injunction. The district court rejected Putnam's arguments that the deed to the Lincoln General property created restraints on alienation, that the property was held in public or testamentary trust, that the City lacked the legal authority to make the sale, that the public meetings statutes were violated, and that the sale was made without adequate consideration. On November 20, Putnam filed a notice of appeal, and we removed the case to the Supreme Court docket on our own motion.

Significantly, the sale of Lincoln General has been completed. The affiliation agreement established a closing date of October 31, 1997, with Bryan to take possession of Lincoln General on November 1. No injunction was issued by the district court, and the record reveals no stay or supersedeas bond, before or after the filing of the notice of appeal. The City indi-

cated in its brief that the sale had been completed, Putnam conceded this fact in her reply brief, and both parties acknowledged during oral argument that the sale had been completed.

## ASSIGNMENTS OF ERROR
Putnam assigns, restated, that the district court erred (1) in finding that the City possessed the statutory authority necessary to sell Lincoln General and (2) in finding no violation of Nebraska's public meetings statutes.

## STANDARD OF REVIEW
An action for injunction sounds in equity. *Omega Chem. Co. v. United Seeds*, 252 Neb. 137, 560 N.W.2d 820 (1997); *Robertson v. School Dist. No. 17*, 252 Neb. 103, 560 N.W.2d 469 (1997). In an appeal of an equitable action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Rush Creek Land & Live Stock Co. v. Chain*, 255 Neb. 347, 586 N.W.2d 284 (1998); *Tilt-Up Concrete v. Star City/Federal*, 255 Neb. 138, 582 N.W.2d 604 (1998).

In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *Bentley v. School Dist. No. 025*, 255 Neb. 404, 586 N.W.2d 306 (1998).

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *In re Interest of Anthony G.*, 255 Neb. 442, 586 N.W.2d 427 (1998); *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279 (1998).

## ANALYSIS
Prior to reaching the errors assigned by Putnam, we must consider whether the completion of the sale of Lincoln General

has rendered this case moot. Evidence of the completion of the sale, however, does not appear in our record on appeal. An appellate brief generally may not expand the evidentiary record and should limit itself to arguments supported by the record. *R-D Investment Co. v. Board of Equal. of Sarpy Cty.*, 247 Neb. 162, 525 N.W.2d 221 (1995); *Obermeier v. Bennett*, 230 Neb. 184, 430 N.W.2d 524 (1988). We have held, however, that an appellate court "may consider agreed circumstances presented to it in brief or argument." *Koenig v. Southeast Community College*, 231 Neb. 923, 925, 438 N.W.2d 791, 794 (1989). See, also, *City of Crete v. County of Saline*, 214 Neb. 200, 332 N.W.2d 926 (1983). In their arguments presented to this court, the parties have agreed that the sale of Lincoln General has been completed.

A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *State v. Woods*, 255 Neb. 755, 587 N.W.2d 122 (1998); *DeCoste v. City of Wahoo*, 255 Neb. 266, 583 N.W.2d 595 (1998). A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997); *State v. McCormick*, 246 Neb. 890, 523 N.W.2d 697 (1994).

As a general rule, a moot case is subject to summary dismissal. *Duggan v. Beermann*, 245 Neb. 907, 515 N.W.2d 788 (1994).

## INJUNCTIVE RELIEF

In the present case, the City argues that since the sale of Lincoln General has been closed, this appeal is moot, since injunctive relief is no longer available to resolve the issues presented. The purpose of an injunction is to restrain actions that have not yet been taken. *Rawson v. Harlan County*, 247 Neb. 944, 530 N.W.2d 923 (1995). It is well established that injunctive relief is preventative, prohibitory, or protective, and equity usually will not issue an injunction when the act complained of has been committed and the injury has been done. *Rawson v. Harlan County, supra*; *Koenig v. Southeast Community College, supra*; *Propst v. Board of Educational Lands and Funds*, 156 Neb. 226, 55 N.W.2d 653 (1952), *cert. denied* 346 U.S. 823, 74

S. Ct. 39, 98 L. Ed. 348 (1953). See, *Duggan v. Beermann, supra*; *Elson v. Schmidt*, 136 Neb. 778, 287 N.W. 196 (1939). See, also, *Bishop v. Huff*, 81 Neb. 729, 116 N.W. 665 (1908).

> "Since the purpose of an injunction is not to afford a remedy for what is past but to prevent future mischief, not being used for the purpose of punishment or to compel persons to do right but merely to prevent them from doing wrong, rights already lost and wrongs already perpetrated cannot be corrected by injunction."

*Conrad v. Kaup*, 137 Neb. 900, 902, 291 N.W. 687, 688 (1940).

In *Koenig v. Southeast Community College, supra*, this court faced a situation in which the plaintiffs brought an action to enjoin the closure of a community college campus and the relocation of its programs to another campus. At the time the action was brought, the resolutions of the college board of governors had been implemented to only a small degree. *Id*. No supersedeas was requested or granted, however, and by the time the appeal was submitted to this court, the closing and relocation at issue had been completely accomplished. *Id*. This court determined:

> In this case the matter is fait accompli, and the action has been taken. No court could now prohibit what has already taken place, nor is it likely that any court would restore the situation as it existed prior to the passage of the resolutions. As to injunction, the case has become moot.

*Id*. at 925-26, 438 N.W.2d at 794.

Similarly, *Elson v. Schmidt, supra*, presented a situation in which a stockholder in a dissolved corporation sought to enjoin the liquidating trustees of the corporation from disposing of some of the corporate assets. The trustees alleged that the assets had already been transferred, but the plaintiff challenged the validity of the sale. *Id*. In an appeal from the denial of injunctive relief, we determined:

> The controlling question on this appeal is whether the trustees have been divested of title to the [assets]. If title does not remain in them, the decree of the district court must be affirmed. Equity will not issue an injunction where the act is already committed and the injury is done.

*Id.* at 779, 287 N.W. at 197. After determining that the trustees had already transferred title to the assets, this court affirmed the district court's dismissal of the stockholder's petition, because the relief sought had been rendered moot. *Id.*

Finally, in *Propst v. Board of Educational Lands and Funds, supra,* we decided a case in which the holder of a school land lease, Propst, sought to prevent the sale of the land for which he held a leasehold estate. Propst's right to renew his lease had been voided when the statute under which the lease had been obtained was found unconstitutional. *Id.* When the Board of Educational Lands and Funds sought to sell new leases for school property, Propst sued to prevent the sale. *Id.*

Propst himself bought the new lease at an auction before his case was determined, however. *Id.* We noted that Propst "made no effort to have the court by order in this case delay or postpone the sale proceedings until the case could be heard and decided." *Id.* at 234, 55 N.W.2d at 658. We ultimately found that since the sale which Propst sought to prevent had been completed, injunctive relief would not lie, and the case was moot. *Id.*

We do not discern a meaningful distinction between the circumstances of the aforementioned cases and those of the instant appeal. Because the act which Putnam sought to enjoin is complete, our opinion on the trial court's denial of injunction would be nugatory. We, therefore, conclude that the issue of injunctive relief is moot.

### DECLARATORY JUDGMENT

In addition to seeking an injunction against the sale of Lincoln General, Putnam sought a declaratory judgment that the sale was unlawful. Thus, we must next determine whether declaratory judgment is also moot.

A declaratory judgment action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action. *Koenig v. Southeast Community College,* 231 Neb. 923, 438 N.W.2d 791 (1989). At the time that the declaration is sought, there must be an actual justiciable issue. *Medical Protective Co. v. Schrein,* 255 Neb. 24, 582 N.W.2d 286 (1998); *Galyen v. Balka,* 253 Neb. 270, 570 N.W.2d 519 (1997). A jus-

ticiable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement. *Boyles v. Hausmann*, 246 Neb. 181, 517 N.W.2d 610 (1994); *Koenig v. Southeast Community College, supra.*

In *Koenig v. Southeast Community College*, 231 Neb. at 926, 438 N.W.2d at 795, we ultimately determined:

> At this stage of the litigation, judicial enforcement of any decree attempting to eliminate the reallocations, renovations, installations, expenditures, and transfer would be impossible. A declaratory judgment could no more prohibit what has taken place than could an injunction. The case is moot as to declaratory judgment as well as to injunction.

Similarly, in the present case, a declaratory judgment would suffer from the same infirmities as an injunction. Declaratory relief would not undo what has already been completed. A declaratory judgment in this case would be nothing more than advisory, and "declaratory relief cannot be used to obtain a judgment which is merely advisory." *Galyen v. Balka*, 253 Neb. at 276, 570 N.W.2d at 524. Putnam's request for declaratory judgment is also moot.

### PUBLIC INTEREST EXCEPTION

Putnam concedes that the sale of Lincoln General has been completed, but argues that we should consider this case under the public interest exception to the mootness doctrine.

The public interest exception to the rule precluding consideration of issues on appeal due to mootness requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *State v. Woods*, 255 Neb. 755, 587 N.W.2d 122 (1998); *State ex rel. Shepherd v. Neb. Equal Opp. Comm.*, 251 Neb. 517, 557 N.W.2d 684 (1997).

We find in the instant case that while the issues presented involve public questions, there is little need for authoritative adjudication of these issues, because of the remote likelihood of another case presenting the same or similar circumstances. The

issues presented in this case rest on the terms of this particular sale, the particular deeds and bequests made for Lincoln General's benefit, and the particular procedures that were used to approve the sale in this case. It is highly unlikely that another case could present a similar factual situation.

Moreover, the posture of this case is due to the terms of this particular contract, the relief sought by Putnam, and the strategic choice of Putnam in not attempting to prevent the sale from closing during the pendency of appellate review. The nature of this case would not inherently preclude appellate review. It is generally inappropriate for an appellate court to review a moot case that does not evade review as a result of a transitory setting, even if the problem is likely to recur. See *State v. Eutzy*, 242 Neb. 851, 496 N.W.2d 529 (1993) (holding that appeal of denial of postconviction relief was moot where issues presented would not inherently evade review). See, also, *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992); *Chambers-Dobson, Inc. v. Squier*, 238 Neb. 748, 472 N.W.2d 391 (1991); *Williams v. Hjorth*, 230 Neb. 97, 430 N.W.2d 52 (1988); *Braesch v. DePasquale*, 200 Neb. 726, 265 N.W.2d 842 (1978), *cert. denied* 439 U.S. 1068, 99 S. Ct. 836, 59 L. Ed. 2d 34 (1979) (moot case in which transitory setting was invoked as prerequisite to application of public interest exception).

In short, we conclude that the public interest exception to the mootness doctrine does not apply in this case.

## CONCLUSION

Since Putnam did not seek to prevent this sale from going forward pending review, there was no obstacle to the parties' closing the sale as scheduled by the affiliation agreement. Moreover, since injunctive relief would no longer be effective, an appeal from the denial of such relief no longer provides the opportunity for meaningful disposition. As the act complained of has been completed, Putnam's request for injunction is moot. Declaratory judgment would be completely nugatory, and Putnam's request for declaratory relief is also moot. The public interest exception to the mootness doctrine, urged upon us by Putnam, does not properly apply in this case.

In view of the conclusion that this case presents no properly justiciable issues, the appeal is dismissed.

APPEAL DISMISSED.