Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/21/2019 09:07 AM CDT

James D. Bramble, appellee, v.
Lori A. Bramble, appellant.
___ N.W.2d ___

Filed June 21, 2019.    No. S-18-682.

1. **Judgments: Justiciable Issues.** Justiciability issues that do not involve a factual dispute present a question of law.
2. **Moot Question: Jurisdiction: Appeal and Error.** Although mootness does not prevent appellate jurisdiction, it is a justiciability doctrine that can prevent courts from exercising jurisdiction.
3. **Justiciable Issues.** A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.
4. **Moot Question.** Mootness refers to events occurring after the filing of a suit which eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation.
5. **Moot Question: Words and Phrases.** A moot case is one which seeks to determine a question that no longer rests upon existing facts or rights—i.e., a case in which the issues presented are no longer alive.
6. **Moot Question.** As a general rule, a moot case is subject to summary dismissal.
7. **Contempt: Moot Question: Appeal and Error.** An appeal challenging a finding of civil contempt is rendered moot once the contemnor voluntarily purges the contempt.
8. **Contempt: Appeal and Error.** In a civil contempt proceeding, the contemnor has a choice once he or she is found to be in willful contempt of court and a sanction and purge plan is put in place: The contemnor can either seek a stay of the sanction pending an appeal or comply with the purge plan and thereby purge the finding of contempt and end the matter.
9. **Moot Question: Appeal and Error.** An appellate court may choose to review an otherwise moot case under the public interest exception if it

involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.

10. **Moot Question: Words and Phrases.** The public interest exception to the mootness doctrine requires consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem.

11. **Moot Question: Appeal and Error.** Application of the public interest exception is inappropriate where the issues presented on appeal do not inherently evade appellate review.

Appeal from the District Court for Douglas County: W. RUSSELL BOWIE III, Judge. Appeal dismissed.

C.G. (Dooley) Jolly and Travis M. Jacott, of Adams & Sullivan, P.C., L.L.O., for appellant.

Elizabeth Stuht Borchers and Steven J. Riekes, of Marks, Clare & Richards, L.L.C., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

STACY, J.

This appeal stems from civil contempt proceedings in a dissolution action. The primary question presented is whether a contemnor's full compliance with a purge plan renders moot a subsequent appeal of the finding of contempt. We conclude it does, and we dismiss the appeal.

### BACKGROUND

In January 2016, after a trial, the district court for Douglas County entered a decree dissolving the marriage of James D. Bramble abriefnd Lori A. Bramble. Both parties moved to alter or amend the decree, and the court thereafter entered an amended decree on February 22, 2016.

As relevant to the issues on appeal, the amended decree awarded the parties joint legal custody of their two minor

children, and Lori was awarded primary physical custody. Regarding the marital home, the amended decree provided:

The real estate is awarded to [James] as is. The parties have stipulated that the value of the house is $169,000. There is $47,500 of marital equity. [James] shall refinance the house within 60 days of the entry of the Amended Decree to remove [Lori]'s name from the mortgage, and pay [Lori] her share of the equity of $23,750.00. [Lori] shall have until February 29, 2016, to vacate the residence. [Lori] shall leave the house in good condition, and not remove any fixtures or major appliances (except that [Lori] may remove either the clothes washer or the clothes dryer), on her departure. [James] has been paying the mortgage and all expenses since moving out of the marital home, and shall continue to do so until after he takes possession.

[Lori] shall execute a Quitclaim Deed to [James] releasing her interest in the marital residence, whether said interest is marital, legal, equitable, contractual or otherwise, to be held by her attorney, who shall release the deed to the title company or lending institution to be held in escrow pending the refinancing and payment of the marital equity.

Contempt Proceedings

On March 14, 2016, James filed an application for an order to show cause. As relevant to this appeal, James alleged Lori improperly removed several fixtures and items of personal property from the residence. A show cause order was issued, and Lori entered a voluntary appearance.

After a continuance to permit mediation, the contempt application was taken up on October 24, 2016, with both parties represented by counsel. Evidence was adduced, and the matter was continued to January 10, 2017, so additional evidence could be offered. On January 13, the court entered an order

finding that Lori had willfully violated the provisions of the amended decree in the following respects:

> [U]pon her departure, [Lori] removed both the clothes washer and dryer, and replaced the dryer with another unit. Further [Lori] admits to removing the ceiling fans, the dishwasher, range, refrigerator and microwave upon her departure, a direct violation of the Amended Decree, and [Lori] is in [willful] contumacious contempt of this provision.

The January 13 order established a purge plan, but did not impose a sanction for the contempt. The pertinent portions of the order provided:

> IT IS THEREFORE ORDERED that [Lori] is in [willful] contempt of court for violation [of] paragraph 9(f) of the Amended Decree, and shall appear in Douglas County District Court #504 . . . on Monday, March 13, 2017, at 10:30 a.m. for sentencing.

> IT IS FURTHER ORDERED that [Lori] may purge herself of contempt by paying the sum of $3,573.00 to [James] no later than March 10, 2017.

> IT IS FURTHER ORDERED that [Lori] shall pay to the Clerk of the District Court of Douglas County, Nebraska, the sum of $1,500.00 as an . . . attorney's fee for [James'] attorney, no later than March 10, 2017.

> IT IS FURTHER ORDERED that the parties shall inform the court by the close of business March 10, 2017, whether the sentencing hearing is necessary so that the Douglas County Sheriff's Office can allocate their resources.

> IT IS FURTHER ORDERED that any requested relief not specifically granted is denied.

Lori filed a timely motion to alter or amend, arguing the order was "not supported by the law or the evidence adduced at trial." She did not object to the procedure ordered by the court or the imposition of a purge plan without a sanction.

The court overruled the motion to alter or amend, and Lori timely appealed.

FIRST APPEAL

On appeal, Lori argued the district court erred by finding her in contempt, by imposing a purge plan, and by awarding attorney fees to James. James cross-appealed, assigning the district court erred in not letting him reopen the evidence in the dissolution trial.

In a memorandum opinion issued April 3, 2018,[1] the Nebraska Court of Appeals determined Lori had not appealed from a final order and it dismissed the appeal. The opinion noted that an order of contempt in a postjudgment proceeding to enforce a previous final judgment is a final order,[2] but that "the law in Nebraska has long been that the finding of contempt alone, without an order of sanction is not appealable."[3] Because the district court's January 13, 2017, order did not impose a sanction, the Court of Appeals concluded Lori had not appealed from a final, appealable order. The opinion also sympathized with Lori's predicament:

In reaching this result, we are cognizant of the difficult position in which Lori is placed. When the district court chooses to in essence impose a purge plan without a sanction, [Lori's] choice is to either (1) follow the directions of the court to avoid sentencing, even though she believes the district court erred in its finding of contempt; or (2) choose not to abide by the court's directives and risk a heavier sanction once sentence is imposed. Once

[1] *Bramble v. Bramble*, No. A-17-264, 2018 WL 1614352 (Neb. App. Apr. 3, 2018) (selected for posting to court website).

[2] See *id.*, citing *Smeal Fire Apparatus Co. v. Kreikemeier*, 279 Neb. 661, 782 N.W.2d 848 (2010), *disapproved on other grounds, Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012).

[3] *Id.* at *3.

the sanction is imposed, she could then seek a stay of its imposition pending appeal. [Citation omitted.] While we cannot say it was error for the district court to give Lori an opportunity to comply with its order prior to imposing a sanction with a formalized purge plan, the court's order does place Lori in a difficult situation. In any event, her efforts to appeal immediately are premature and we have no alternative other than to dismiss her appeal for lack of jurisdiction.[4]

Regarding James' cross-appeal, the Court of Appeals found the record on appeal was insufficient to support the assignment of error and affirmed the district court's order. The Court of Appeals' mandate issued May 9, 2018.

### Proceedings on Remand

On May 18, 2018, the district court ordered Lori to appear on June 11 "for sentencing on a previous finding of . . . contempt." At the June 11 hearing, James' attorney asked the court to reopen the record for the purpose of including additional attorney fees as part of the purge plan.

In an order entered June 11, 2018, the district court reiterated its prior finding of contempt and sentenced Lori to 10 days in jail, ordering her to self-surrender no later than 8 a.m. on Friday, June 15. The order provided that Lori could purge herself of contempt by paying to the clerk of the Douglas County District Court the sum of $5,073 no later than close of business on June 14. The order further provided that if Lori failed to pay the purge amount and failed to self-surrender, a warrant would be issued for her arrest. Finally, the order overruled James' request to reopen the record to submit additional evidence of attorney fees.

Two days later, on June 13, 2018, Lori filed what she captioned as a "Notice of Compliance With Purge Order; and

---

[4] *Id.* at *4.

Application for Order." In this filing, Lori stated that at the time of her first appeal, she deposited a $5,000 supersedeas bond with the clerk of the district court and she represented that sum was still on deposit with the clerk. Lori also alleged that on June 12, she paid an additional $73 into the clerk of the district court. Lori asked that the funds deposited with the clerk, totaling $5,073, be used to purge her contempt.

The next day, on June 14, 2018, the district court entered a stipulated order for distribution directing the clerk of the district court to "release to [James] the sum of $5,073" and to "record this transaction in complete satisfaction" of the purge order.

## Second Appeal

On July 10, 2018, Lori filed a notice of appeal, purporting to appeal from the contempt orders of January 13, 2017, and June 11, 2018. After Lori filed her opening brief, James moved to summarily dismiss the appeal, arguing it was rendered moot when Lori satisfied the conditions of the contempt order and purged the finding of contempt. Lori opposed summary dismissal, arguing alternatively that (1) the appeal still presents legally cognizable interests or (2) the public interest exception to the mootness doctrine should apply.

The Court of Appeals overruled the motion for summary dismissal and directed the parties to address the mootness issue in the remaining briefing. After briefing was complete, we moved the case to our docket.[5]

## ASSIGNMENTS OF ERROR

Lori assigns, slightly restated, that the district court erred in (1) finding her in contempt, (2) making insufficient factual findings to support a finding of willful contempt, (3) finding her in contempt of provisions in the amended decree that were

---

[5] See Neb. Rev. Stat. § 24-1106 (Cum. Supp. 2018).

vague, (4) awarding attorney fees to James, and (5) not award-
ing attorney fees to Lori.

## STANDARD OF REVIEW

[1] Justiciability issues that do not involve a factual dispute
present a question of law.[6]

## ANALYSIS

Before we address James' argument that this appeal of
a civil contempt order is moot, we discuss the nature of
civil contempt proceedings generally. We have explained that
"[c]ivil contempt proceedings are '"instituted to preserve and
enforce the rights of private parties to the suit and to compel
obedience to orders and decrees made to enforce the rights
and to administer the remedies to which the court has found
them to be entitled . . . ."'"[7] Civil contempt proceedings are
often described as "remedial and coercive in their nature."[8] As
such, courts in civil contempt proceedings have broad remedial
power, including the power to order "compensatory relief that
is limited to a complainant's actual losses sustained because
of a contemnor's willful contempt"[9] and the power to order
equitable relief.[10]

Historically, Nebraska did not permit appeals to be taken
from civil contempt orders imposing only civil, coercive sanc-
tions.[11] But in the 2010 case of *Smeal Fire Apparatus Co. v.*

---

[6] *Blakely v. Lancaster County*, 284 Neb. 659, 825 N.W.2d 149 (2012).

[7] *Smeal Fire Apparatus Co., supra* note 2, 279 Neb. at 672, 782 N.W.2d at
860 (emphasis omitted).

[8] *Id.* (emphasis omitted).

[9] *Id.* at 676, 782 N.W.2d at 862.

[10] *Smeal Fire Apparatus Co., supra* note 2.

[11] See, e.g., *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993),
*overruled, Smeal Fire Apparatus Co., supra* note 2; *State ex rel. Kandt
v. North Platte Baptist Church*, 225 Neb. 657, 407 N.W.2d 747 (1987),
*overruled, Smeal Fire Apparatus Co., supra* note 2.

*Kreikemeier*,[12] we held that "a party may appeal from a final order of contempt, regardless whether the court's sanction is labeled criminal or civil."

With this framework in mind, we address James' argument that this appeal is moot because Lori has purged herself of the civil contempt finding she now seeks to challenge.

## Appeal Is Moot

[2,3] Although mootness does not prevent appellate jurisdiction, it is a justiciability doctrine that can prevent courts from exercising jurisdiction.[13] A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.[14]

[4-6] Mootness refers to events occurring after the filing of a suit which eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation.[15] A moot case is one which seeks to determine a question that no longer rests upon existing facts or rights—i.e., a case in which the issues presented are no longer alive.[16] As a general rule, a moot case is subject to summary dismissal.[17]

James argues that because Lori voluntary and fully complied with the purge order, she has purged herself of contempt and this appeal is moot. We considered a similar argument in *McFarland v. State*.[18] In that case, a county court judge

---

[12] *Smeal Fire Apparatus Co., supra* note 2, 279 Neb. at 707-08, 782 N.W.2d at 882.

[13] *Blakely, supra* note 6.

[14] *Professional Firefighters Assn. v. City of Omaha*, 282 Neb. 200, 803 N.W.2d 17 (2011).

[15] *Blakely, supra* note 6.

[16] *Id.*

[17] *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999).

[18] *McFarland v. State*, 165 Neb. 487, 86 N.W.2d 182 (1957).

(respondent) refused to sign an order fixing a time, date, and place for a probate hearing, believing such an order already had been issued. A mandamus action was filed against the respondent in district court, and a peremptory writ of mandamus issued. When the respondent did not comply with the peremptory writ, an alias peremptory writ of mandamus issued, commanding the respondent to comply with the previous writ by signing the order setting a time, date, and place for the probate hearing. When the respondent again refused, he was found in contempt and ordered committed to jail until he purged himself of contempt by signing the order. The respondent then complied with the purge provision and filed a notice of such compliance with the district court. The district court thereafter noted the respondent's compliance with the alias writ of mandamus and suspended execution of the jail sentence. The respondent appealed to challenge the prior commitment order, and a question was raised about whether the appeal was moot. We found it was, and dismissed the appeal, reasoning:

> [I]t is self evident that no issue remains to be decided here. Nothing could be gained by our holding that the commitment was improper for respondent is no longer in jail. He has not been found guilty of criminal contempt, in which case he would be entitled to have his conviction reviewed. Here the purpose of the order to jail was to coerce respondent to comply with the mandamus order of the court. Whether or not [the mandamus] order is correct can properly be determined in an appeal taken therefrom.[19]

[7] Although *McFarland* was decided before *Smeal Fire Apparatus Co.* recognized the right to appeal a civil contempt order, the mootness analysis in *McFarland* is consistent with

---

[19] *Id.* at 493-94, 86 N.W.2d at 186.

that of other courts to have considered the issue.[20] We agree with those state[21] and federal[22] courts which hold that an appeal challenging a finding of civil contempt is rendered moot once the contemnor voluntarily purges the contempt. Such appeals do not present a justiciable issue because, given the coercive nature of civil contempt proceedings, once a finding of contempt has been fully purged and obedience with the order has been accomplished, there is no remaining controversy between the parties and no effective relief that can be afforded on appeal.

---

[20] See Annot., 33 A.L.R.3d 448 § 26 (1970 & Supp. 2019) (and cases cited therein).

[21] See, e.g., *Belt v. Cabinet for Families*, 520 S.W.3d 406 (Ky. App. 2017) (appeal of contempt proceedings arising out of failure to pay child support rendered moot when contemnor paid full purge amount); *Union Hill Homes Ass'n v. RET Development*, 83 S.W.3d 87 (Mo. App. 2002) (appeal of contempt order rendered moot when contemnor fully complied with purge order and thus purged itself of contempt); *Central Emergency Med. v. State*, 332 Ark. 592, 966 S.W.2d 257 (1998) (appeal of contempt order moot where contemnor purged itself of contempt by paying fine imposed); *Yeager v. Yeager*, 622 S.W.2d 339 (Mo. App. 1981) (husband's appeal of contempt order in dissolution action rendered moot when he paid amounts due and purged himself of contempt); *Herring v. Herring*, 236 Ga. 43, 222 S.E.2d 331 (1976) (civil contempt appeal rendered moot when contemnor paid entire purge amount); *Clement v. Clement*, 295 Minn. 569, 204 N.W.2d 819 (1973); *Reap's Appeal*, 88 Pa. Super. 147 (1926) (civil contemnor has choice to either appeal finding of contempt or purge it by voluntarily paying fine and thus ending matter).

[22] See, e.g., *Marshall v. Whittaker Corp., Berwick Forge, etc.*, 610 F.2d 1141 (3d Cir. 1979) (appeal from civil contempt is moot once civil contempt has been purged); *Securities and Exchange Commission v. Sloan*, 535 F.2d 679 (2d Cir. 1976) (appeal from order of contempt is moot where contemnor purges himself of contempt and no live controversy remains); *Matter of Berry*, 521 F.2d 179 (10th Cir. 1975) (where contemnor has complied and contempt has been purged, appeal of contempt order is moot); *United States v. Watson Chapel School District No. 24*, 446 F.2d 933 (8th Cir. 1971) (when parties comply and have purged themselves of contempt, there is no justiciable controversy and appeal must be dismissed).

An example is the case of *Clement v. Clement.*[23] In that case, the father was found to be in contempt of court for failing to make court-ordered child support payments. He was ordered committed to jail for 45 days unless he purged himself by making an arrears payment of $1,450. A stay of enforcement was ordered for a period of 30 days to permit the father to appeal, but he neither appealed nor paid the purge amount. He was later apprehended, and, the same day, he purged himself of contempt by making the required payment. He then sought appellate review of the order finding him in contempt. The Minnesota Supreme Court dismissed the appeal as moot, reasoning "[t]here is nothing before this court to pass on. [The father] paid monies as he was ordered to do to purge himself of the contempt."[24]

[8] Like the contemnor in *Clement*, Lori was presented with a choice once she was found to be in willful contempt of court and a sanction and purge plan was put in place: She could either seek a stay of the sanction pending an appeal or comply with the purge plan and thereby purge herself of contempt and end the matter.[25] She chose the latter, and fully purged herself of contempt by paying into the clerk of the district court the sum of $5,073, which has since been disbursed to James. The purpose of the civil contempt proceeding—to preserve and enforce the rights of the parties and to compel obedience to the decree[26]—has been accomplished. On these facts, we

---

[23] *Clement, supra* note 21.

[24] *Id.* at 569, 204 N.W.2d at 819.

[25] See, e.g., *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) ("[i]f the appellants believed that the district court incorrectly issued an order, their remedy was to appeal and request a stay pending the appeal"); *In re Marriage of Crow & Gilmore*, 103 S.W.3d 778 (Mo. 2003) (in response to civil contempt order, contemnors have two options: They may purge contempt by complying with order rendering case moot or may appeal contempt order).

[26] See *Smeal Fire Apparatus Co., supra* note 2.

find Lori's appeal seeking to overturn the finding of contempt presents no justiciable issue and is moot.

## No Legally Cognizable
### Interest Remains

Lori does not dispute that she voluntarily and completely complied with the purge order, but she nevertheless urges us to find that she still has a legally cognizable interest in overturning the finding of contempt. Specifically, she argues that because she was "deemed a contemnor"[27] that could have implications if she is involved in future contempt proceedings.

Because Lori has fully purged herself of contempt, she is seeking, in essence, an advisory appellate opinion on whether the contempt order was correct, to use in a future contempt action that may never occur. Our mootness analysis might be different in an appeal where the purge provision has not yet been fully satisfied, but that is not the case here. On these facts, Lori has no legally cognizable interest in this appeal and it is moot.[28]

## Public Interest Exception
### Inapplicable

[9] Lori argues that even if her appeal is moot, we should nevertheless review it under the public interest exception to the mootness doctrine. An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.[29] This is not such a case.

[10] The public interest exception to the mootness doctrine requires consideration of the public or private nature of the

---

[27] Reply brief for appellant at 3.

[28] See *Professional Firefighters Assn., supra* note 14.

[29] *Nesbitt v. Frakes*, 300 Neb. 1, 911 N.W.2d 598 (2018).

question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem.[30] Lori's appeal challenges the trial court's interpretation of specific terms in her dissolution decree, and findings regarding the parties' particular actions. The questions presented are private, not public, in nature, and the likelihood of the same or similar issues recurring in another case is remote.[31]

[11] Moreover, application of the public interest exception is inappropriate where, as here, the issues presented on appeal do not inherently evade appellate review.[32] As explained above, Lori had an opportunity to challenge the district court's finding of contempt by seeking a stay pending appeal, but instead, she chose to purge herself of contempt and comply with the order. The public interest exception has no application on these facts.

## CONCLUSION

This appeal is moot, because Lori has fully and voluntarily purged herself of the civil contempt finding she seeks to overturn. No legally cognizable interest continues to exist, and the public interest exception to the mootness doctrine does not apply. We therefore dismiss this appeal because it presents no justiciable issues.

APPEAL DISMISSED.

---

[30] *Id.*

[31] See *Putnam, supra* note 17 (public interest exception does not apply when appeal presents issues that rest on terms of particular sale and particular deeds and bequests, because highly unlikely another case could present similar factual situation).

[32] See *id.*